# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., ) | |
|     Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 11-00263-KD-M |
| ) | |
| KATHERINE B. SUREK, *et al.*, ) | |
|     Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff's motion for entry of default judgment. (Doc. 13). Plaintiff seeks entry of a default judgment against Defendant Katherine B. Surek on the grounds that she has failed to plead, answer or otherwise defend in this case.

## I. Background

Plaintiff initiated this litigation on May 20, 2011 by filing a Complaint against Defendants Katherine B. Surek and Christopher L. Surek for breach of contract (Count I), money loaned (Count II) and judicial foreclosure (Count III). (Doc. 1). Specifically, Plaintiff alleges that the Defendants defaulted on a loan made to them by Chase, in the original principal sum of $310,000, as evidenced by Promissory Notes and secured by mortgages (as modified) encumbering a 12.46-acre parcel of real property in Baldwin County, Alabama. (Id. at 1; Doc. 1-1; Doc. 1-2; Doc. 1-3; Doc. 1-4; Doc. 1-5; Doc. 1-6; Doc. 1-7; Doc. 1-8; Doc. 1-9). The Promissory Note(s) provide that they are governed by federal law applicable to the lender and to the extent not preempted by same, by the laws of the State of Louisiana. (Doc. 1-1 at 1; Doc. 1-6 at 1).

On July 14, 2011, Plaintiff filed an application to the clerk of court for entry of a default against Defendant Katherine B. Surek. (Doc. 12). As grounds, Plaintiff asserted that even though Defendant Katherine B. Surek was served, via certified mail, on May 26, 2011 (Doc.

12-1 (Aff. S.Robinson at 1) and Doc. 8), and more than twenty-one (21) days had elapsed since service – said Defendant failed to answer or otherwise defend against Plaintiff's complaint.

On July 20, 2011, the Clerk entered a default against Defendant Katherine B. Surek for failure to plead or otherwise defend. (Doc. 15).

Also on July 14, 2011, Plaintiff simultaneously filed the present motion for entry of default judgment (Doc. 13) requesting judgment against Defendant Katherine B. Surek, for entry of a money judgment as demanded in Count I ("principal $295,584.19, accrued interest, default interest, late fees, attorneys' fees and costs, and all other charges and fees due") (Doc. 1 at 6) and Count II ("in the full amount of the indebtedness evidenced by the Note, calculated as of the date of the entry of judgment, to include principal, accrued interest, default interest, late fees, attorneys' fees and costs, and all other charges and fees due to Chase[]") (Doc. 1 at 7) of the Complaint; and for an order authorizing foreclosure of the property at issue, as alleged in Count III of the Complaint [1] Attached to the motion is the Affidavit of D'Ann D. Walker, a Vice-President of JPMorgan Chase Bank, N.A. (Doc. 13-1). Plaintiff also relies upon the Affidavit of Sandy G. Robinson, Plaintiff's counsel, as previously filed in support of the application for default. (Doc. 12-1).

On July 25, 2011, the Court ordered Defendant Katherine B. Surek to show cause by August 8, 2011, as to why a default judgment should not be entered against her, and directed the Clerk to provide a copy of the Order to Defendant Surek via certified mail. (Doc. 17). At that time, Defendant Surek was further cautioned by the Court, that given her defaulted status and

---

[1] The Court notes that the Complaint seeks such an award and judgment against both of the Sureks, "jointly and severally," and not only against Defendant Katherine B. Surek. Plaintiff has not initiated default proceedings against Defendant Christopher L. Surek.

failure to appear in or defend against this action, absent an appearance in this case, she is not entitled to receive any further notice or opportunity to be heard concerning Plaintiff's ongoing attempts to secure a default judgment against her. (Id.) The record reveals that she was served with a copy of this Order, via certified mail, on August 10, 2011 (Doc. 18). To date, Katherine B. Surek has failed to appear or otherwise respond to the Court's show cause Order.

On September 12, 2011, Defendant Christopher L. Surek filed a Suggestion of Bankruptcy and in light of same, on September 22, 2011, this Court entered a stay of all proceedings against Christopher Surek. (Docs. 19, 20).[2]

## II.     Discussion

Rule 55(b)(2) of the <u>Federal Rules of Civil Procedure</u> provides, in relevant part, as follows with regard to entering a default judgment:

> **(b) Entering a Default Judgment.**
> 
> \* \* \*
> 
> **(2)** *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> 
> **(A)** conduct an accounting;
> **(B)** determine the amount of damages;
> **(C)** establish the truth of any allegation by evidence; or
> **(D)** investigate any other matter.

---

2  Plaintiff represents that the bankruptcy filing of Christopher Surek has no impact on its request for default judgment as to Katherine Surek because the property Plaintiff seeks to foreclose was the sole property of Katherine Surek. (Doc. 19 at 2).

FED.R.CIV.P. 55(b)(2).

Courts generally require some notice to be given to defendants between the time of service of process and entry of a default judgment. See, e.g., Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Edmonds, Slip Copy, 2009 WL 1158988, *2, n.3 (S.D. Ala. Apr. 29, 2009); Capitol Records v. Carmichael, 508 F. Supp. 2d 1079, 1083, n.1 (S.D. Ala. 2007). Additionally, the Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam) (citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Id. (emphasis omitted). When assessing damages in connection with a default judgment, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2007).

At the outset, the Court is satisfied that Defendant Katherine B. Surek is on notice of the default proceedings against her. (Doc. 18). As to the merits of Plaintiff's default judgment, a default has been entered against Defendant Katherine B. Surek and in favor of Plaintiff, for Surek's failure to plead, answer or otherwise defend this case. (Doc. 15). Additionally, based on the Plaintiff's allegations and the evidence of record, the Court is satisfied that the well-pleaded allegations of the complaint state a cause of action against Defendant Katherine B.

Surek and that there is a substantive, sufficient basis in the pleadings for the relief Plaintiff seeks. Particularly given the evidence submitted by Plaintiff including exhibits attached to the original Complaint (Doc. 1-1, 1-6, 1-8 (Promissory Notes), Doc. 1-2 through 1-5, 1-7, 1-9 (Mortgages and modifications)), the Affidavit of D'Ann D. Walker (a Vice-President at JPMorgan Chase Bank, N.A.) (Doc. 13-1) and the Affidavit of Sandy G. Robinson (Doc. 12-1, attached to the application for default).

Specifically, the aforementioned evidence reveals that Katherine Surek has defaulted in the payment of a mortgage loan made to her by Chase, in the original principal sum of $310,000.00 as evidenced by a promissory note and secured by a mortgage (as such note and mortgage were each extended, modified and renewed from time to time) encumbering an approximate 12.46-acre parcel of real property situated in Baldwin County, Alabama. On August 17, 2007, the Sureks executed a promissory note in favor of Chase in the principal amount of $310,000.00 to be repaid on or before September 5, 2008. The August 2007 Note was secured by a mortgage granted by Katherine B. Surek in favor of Chase, encumbering real property with an address of 7594 Dairy Road, Fairhope, Alabama 36532. Pursuant to a Change in Terms Agreement dated October 5, 2007, executed by the Sureks, the terms of the August 2007 Note were modified to extend the maturity date of the Indebtedness evidenced by such note to October 5, 2008. On October 5, 2007, a new mortgage was given by Katherine Surek in favor of Chase, encumbering the Mortgaged Property to secure payment of the Indebtedness to Chase as well as the performance of the Sureks' obligations under the Related Documents, including the August 2007 Note, as amended. On April 8, 2009, the Sureks executed a new promissory note in favor of Chase in the principal amount of $310,000.00 in renewal and

5

extension of the August 2007 Note, as theretofore modified and amended. Contemporaneously with the execution of the April 2009 Note, Katherine Surek executed a Modification of Mortgage in favor of Chase extending the maturity date to July 5, 2009. On September 17, 2009, the Sureks executed a renewal promissory note in favor of Chase in the principal amount of $308,985.00 to evidence the remaining, outstanding principal amount of the original indebtedness. The Note provides for monthly payments of $3,361.75 for eleven months beginning October 25, 2009, and a final payment of $288,885.18 due on the maturity date of September 25, 2010. Contemporaneously with the execution of the Note on September 17, 2009, Katherine Surek executed a Modification of Mortgage in favor of Chase extending the maturity date to September 25, 2010. The Sureks defaulted under the terms of the Promissory Note(s) by failing to make payments thereunder as they became due, and by failing to satisfy the indebtedness by the maturity date set forth in same.

As such, as to Plaintiff's Complaint for breach of contract (count one), money loaned (count two), and judicial foreclosure (count three), the Court finds as follows. The record supports a finding that Katherine Surek has defaulted under the terms of the Promissory Note(s) by failing to make payments as required and that Plaintiff is entitled to recover costs of collection, such that Plaintiff's claims against Katherine Surek are well-plead. The record also reveals that Plaintiff has a valid and enforceable mortgage lien, which by its express terms, is subject to being judicially foreclosed, and by virtue of same, Plaintiff is entitled to exercise its contractual right to obtain a foreclosure of the mortgaged property. Moreover, the Court finds that Plaintiff is owed $295,584.19 for the unpaid principal, $19,253.64 in accrued interest $75.00 in late charges/fees and which is provided for under the terms of the loan documents.

Accordingly, it is **ORDERED** that Plaintiff's motion for default judgment (Doc. 13, 19) against Defendant Katherine B. Surek is **GRANTED** in the amount of **$314,912.83** ($295,584.19 for principal, $19,253.64 in accrued interest plus $75.00 in late charges/fees).

Plaintiff also alleges that it is entitled to an award of reasonable attorneys' fees and costs in the amount of **$8,167.68** and **$362.00**, respectively. (Doc. 12-1 at 3 (Aff. Robinson)). However, in its motion for default judgment, Plaintiff has not provided any support for such request. As such, Plaintiff is **ORDERED** to file, on or before **November 18, 2011,** whatever materials it deems necessary and appropriate to support its claim for costs and fees in conjunction with the particular state's law governing same (as provided for in the relevant loan documents), after which time the Court will take the matter under submission.

A separate Judgment and Decree of Foreclosure, as to Defendant Katherine B. Surek, shall issue in conjunction with this Order after resolution of the Plaintiff's request for attorneys' fees and costs.

**DONE** and **ORDERED** this the **3rd** day of **November 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**