IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., )<br>    Plaintiff, )<br>v. )<br>)<br>KATHERINE B. SUREK, *et al.*, )<br>    Defendants. ) | CIVIL ACTION NO. 11-00263-KD-M |

**ORDER**

This matter is before the Court on that portion of Plaintiff JP Morgan Chase Bank, N.A.'s motion for default judgment (Doc. 12-1) that seeks recovery of attorneys' fees and costs and Plaintiff's "Supplemental Submission in Support of Request for Attorney's Fess and Costs" (Doc. 22). Plaintiff seeks **$8,167.68** in attorney's fees and court costs totaling **$362.00.**

On November 4, 2011, this Court granted Plaintiff's motion for entry of a default judgment against Defendant Katherine B. Surek, and in so doing, reserved ruling on Plaintiff's request for attorneys' fees and costs in order to provide Plaintiff with an opportunity to file support for same. (Doc. 21 at 7). Specifically, the Court stated: "in its motion for default judgment, Plaintiff has not provided any support for such request. As such, Plaintiff is **ORDERED** to file, on or before **November 18, 2011,** whatever materials it deems necessary and appropriate to support its claim for costs and fees in conjunction with the particular state's law governing same (as provided for in the relevant loan documents), after which time the Court will take the matter under submission." (Id.)

A review of the Promissory Note, upon which Plaintiff relies for the attorney's fees/costs request, reveals that the laws of the State of Louisiana govern the Note as well as the amount of attorney's fees and costs. (Doc. 1-1). Specifically, the Note provides that it is governed by

1

"the laws of the State of Louisiana[]" (Doc. 1-1 at 2 at GOVERNING LAW) and that "[i]t is our intent to collect only those attorneys' fees and those expenses, court and collection costs permitted" by the laws "of your state[]" (which for the Sureks is Louisiana) and "[y]ou agree to pay only those collection costs and attorneys' fees that we actually incur and that we may lawfully collect from you." (Doc. 1-1 at 3 at COLLECTION COSTS). Thus, in this case, the Note (*i.e.* contract) specifically provides for the recovery of attorneys' fees and expenses *as permitted under the laws of the State of Louisiana*.

In Louisiana, awards of attorney fees permitted pursuant to contractual provisions[1] are subject to review and control by the courts, and "Louisiana courts inquire into the reasonableness of the fee claimed." Wells Fargo Equipment Finance, Inc. v. Beaver Const., LLC, Slip Copy, 2011 WL 5525999 (W.D. La. Oct. 18, 2011) (citing, in part, Central Progressive Bank v. Bradley, 502 So.2d 1017, 1017 (La. 1987), City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397, 400-401 (La. 1987) and Fourchon Docks, Inc. v. Milchem Inc., 849 F.2d 1561, 1567-1568 (5th Cir. 1988)). "In determining the reasonableness of such fees, the Louisiana courts engage in an analysis using factors comparable to those outlined in the federal jurisprudence[;]" and "recoverable fees must be reasonable, and the amount is regulated by the Rules of Professional Responsibility, Rule 1.5(a)." Id. at *2-3 and note 2 (citing Robichaux v. Glorioso, 2000 WL 1171119, *3 (E.D. La. 2000) and the 12 factors[2] set forth in Johnson v. Georgia

---

1 In Louisiana, attorneys' fees are allowed where authorized by statute or a contract. See, e.g., State, Dept. of Transp. and Dev. v. Williamson, 597 So.2d 439, 441 (La. 1992).

2 These factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship

Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974)).[3]  "The fee applicant bears the burden of proving the reasonableness of the number of hours expended on their prevailing claim."  Wells Fargo, 2011 WL 5525999, *3.  In this case, even though the Note itself does not specifically limit the recoverable attorneys' fee to only "reasonable fees," Louisiana law does.  See *supra*. See also e.g., Woodall v. Weaver, 975 So.2d 750 (La. App. 2 Cir. 2008) (providing that even when a promissory note provided for a fixed attorneys' fee percentage, "[i]t is well settled that courts may inquire into the reasonableness of attorney fees as part of their inherent authority to regulate the practice of law..[a] court may make this inquiry even when a contract between the parties fixes the amount of attorney fees[]").[4]

Upon consideration, Plaintiff's request for attorneys' fees is due to be denied.  Plaintiff's Supplement (Doc. 22) does not include attorneys' billing records, invoices and/or itemized statements supporting the costs incurred.  Instead, Plaintiff relies one (1) paragraph of the previously filed Affidavit of Sandy G. Robinson (Plaintiff's counsel) stating: "[a]ttorney's fees

---

with the client; and (12) awards in similar cases.

3 Rule 1.5 provides, in pertinent part: (a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following: (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fee customarily charged in the locality for similar legal services; (4) The amount involved and the results obtained; (5) The time limitations imposed by the client or by the circumstances; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) Whether the fee is fixed or contingent.

4 The Louisiana Supreme Court has noted that "despite a provision in a promissory note stipulating attorney's fees, courts could inquire into the reasonableness of the fee."  Graham v. Sequoya Corp., 478 So.2d 1223, 1225 (La. 1985). See also e.g., Pham v. Anderson, 556 So.2d 171, 174-175 (La. App. 5 Cir. 1990) (reversing the lower court's decision as it "made no determination of whether the fee set was reasonable[]" and because "we find the record barren of any evidence on the issue of reasonableness of the fees[]" adding that "[t]he Supreme Court, under its authority to regulate the practice of law, has instructed the trial and appellate courts to inquire into the reasonableness of attorney's fees

of $8,167.68 plus court costs of $362.00 have been incurred by Chase to date in collecting the indebtedness made the basis of this action." (Doc. 12-1 at 3 at ¶9). Plaintiff then asserts that because the amount of the requested attorney's fee is only 2.6% of the default judgment amount ($314,912.83), the fee is reasonable. (Doc. 22 at 3). Plaintiff adds that "[t]he time, labor, and skill required to properly perform the legal services supports an award of attorneys' fees" in the amount requested. (Id. at 4). However, without any supporting documentation, the Court is not equipped to determine whether the fees sought are reasonable. Moreover, while cited (Doc. 22 at 2-3), none of the applicable "reasonableness" factors have been addressed (or supported with relevant documentation) in Plaintiff's Supplement. Further, Plaintiff's Affidavit does not even assert that the fees incurred were "reasonable."

A review of Plaintiff's request for costs provides for the same result. Plaintiff has not submitted copies of pertinent billing invoices or any documentation in support of the $362.00 in court costs requested. While the Court might presume that said cost was simply the amount of the filing fee for Plaintiff to initiate this litigation, there is no documentation confirming same.

Accordingly, it is **ORDERED** that Plaintiff's request for attorneys' fees and costs (in the amount of **$8,167.68** and **$362.00**, respectively) is **DENIED.**

**DONE** and **ORDERED** this the **3rd** day of **February 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

notwithstanding contractual provisions[]").