IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A.,     ) | |
|     Plaintiff,     ) | |
| v.                               ) | CIVIL ACTION NO. 11-00263-KD-M |
|               ) | |
| KATHERINE B. SUREK, *et al.*,    ) | |
|     Defendants.[1]     ) | |

**ORDER**

This matter is before the Court on Plaintiff JP Morgan Chase Bank, N.A.'s "Motion to Confirm Foreclosure Sale" (Doc. 29).

Pursuant to the "Judgment and Decree of Foreclosure" issued on February 7, 2012 (Doc. 26), the judicial foreclosure sale of the property at issue in this case was conducted by the United States Marshal. Plaintiff represents to the Court that it made the only and highest bid for the property at the foreclosure sale in the amount of $326,547.36, and that the auctioneer declared Plaintiff the successful bidder. Plaintiff asserts further that the foreclosure sale "was duly and properly conducted in accordance with the Mortgage Foreclosure Notice of Sale and the Foreclosure Judgment." (Doc. 29 at 2). Based on the foregoing, Plaintiff now requests that the Court: 1) confirm the foreclosure sale; 2) approve the cost of publication of the mortgage foreclosure sale notice ($860.49); 3) award post-judgment interest in the amount of $8,149.96 (182 days x the per diem contractual rate of $44.78, for the days between entry of the foreclosure judgment and the present motion), with interest continuing to accrue at the rate of $44.78 per diem until the judgment is satisfied in full; 4) approve the U.S. Marshal's bill to conduct the

---

[1] Christopher Surek is the only other defendant; however, he has filed bankruptcy such that this action is stayed as to him. (Doc. 20).

foreclosure sale ($4,913.21); and 5) approve the foreclosure deed drafted by Plaintiff (for submission to the U.S. Marshal). In so doing, Plaintiff also asserts that Defendant Katherine Surek is entitled to a credit in the amount of $320,773.66 based on Plaintiff's bid price ($326,547.36) minus "allowable costs associated with the sale." (Doc. 29 at 3).

Courts have broad discretion in determining whether to confirm or refuse to confirm a judicial sale. See, e.g., Citibank, N. A. v. Data Lease Financial Corp., 645 F.2d 333 (5th Cir. 1981); Wood River Dev. v. Armbrester, 547 So.2d 844, 848 (Ala. 1989); Lynn v. Dodge, 727 So.2d 89 (Ala. Civ.App. 1997); Davis v. Battle, 675 So.2d 460 (Ala. Civ. App. 1996). Such determinations ordinarily will not be disturbed except for an abuse of discretion, recognizing the strong public policy in favor of the finality of judicial sales. Id. Generally courts have adopted the policy that confirmation will not be refused except for substantial reasons, and that in the absence of fraud or misconduct, the highest bidder will ordinarily be accepted as the purchaser of the property offered for sale. See, e.g., First Nat. Bank of Jefferson Parish v. M/V Lightning Power, 776 F.2d 1258 (5th Cir. 1985); Harduval v. Merchants' & Mechanics' Trust & Savings Bank, 86 So. 52 (Ala. 1920) (finding that a purchaser at judicial sale is entitled to have the sale confirmed by the court in the absence of irregularity, misconduct, fraud, mistake, or gross inadequacy of price amounting in itself to fraud). There is no evidence of record of irregularity, misconduct, fraud, mistake or gross inadequacy of price amounting in itself to fraud in the foreclosure sale. Plaintiff has also represented to the Court that the foreclosure sale "was duly and properly conducted in accordance with the Mortgage Foreclosure Notice of Sale and the Foreclosure Judgment." (Doc. 29 at 2). Accordingly, it is **ORDERED** that the foreclosure sale of the property at issue in this case, in the amount of **$326,547.36** as bid by Plaintiff (the only

and highest bidder), is **HELD IN ABEYANCE** pending a determination of the precise credit due to Defendant Katherine Surek.

Turning to the other items requested by Plaintiff, the Court finds as follows. The February 7, 2012 Judgment and Decree of Foreclosure governing the foreclosure proceeding specifies that "Plaintiff is responsible for payment of the expenses associated with the foreclosure sale." (Doc. 26 at 2). As such, it is **ORDERED** that Plaintiff's request that the Court approve the $860.49 publication costs (Doc. 29-1 at 2) and $4,913.21 for the Marshal's bill (Doc. 29-1 at 3) as "allowable costs associated with the sale," and by so doing deduct these amounts from the bid amount, is **DENIED.**

Plaintiff also seeks an award of post-judgment interest in the amount of $8,149.96 (182 days x the per diem contractual rate of $44.78, covering the days between entry of the foreclosure judgment and the date of the present motion), adding that interest continues to accrue at the rate of $44.78 per diem until the judgment is satisfied in full. However, Plaintiff has not referenced any portion of the relevant loan and mortgage documents where post-judgment interest is allowed and/or post-judgment interest at a specific rate which would result in the sum of $8,149.96. As such, it is **ORDERED** that Plaintiff's request for $8,149.96 in post-judgment interest as well as its further request for additional interest ("interest continues to accrue until the judgment is satisfied in full[]"), is **DENIED.**

Further, attached to Plaintiff's motion to confirm the foreclosure sale is a proposed foreclosure deed for the U.S. Marshal to execute, for which Plaintiff seeks the Court's approval. (Doc. 29-1 at 4-8). The Judgment and Decree of Foreclosure provides that rather than the Plaintiff, "the U.S. Marshal's Office shall deliver a foreclosure deed to the successful bidder

upon payment of the bid price and delivery of same in certified funds payable to the Clerk of Court[]" and "the U.S. Marshal's Office shall deliver a foreclosure deed to Plaintiff[]" if Plaintiff is the successful bidder. (Doc. 26 at 2). As the proposed deed appears to be proper, it is **APPROVED.**

As to the credit due Defendant Katherine Surek, the foreclosure sale price was $326,547.36 and the default judgment against Defendant Katherine Surek was in the amount of $314,912.83. Plaintiff asserts that Defendant Katherine Surek is due a credit of $320,773.66. It appears that Plaintiff arrives at this figure by asserting "less allowable costs associated with the sale[]" (*i.e.*, that Plaintiff simply subtracted the publication costs and U.S. Marshal's fee (a combined total of $5,773.70)). (Doc. 29 at 3). As stated *supra*, Plaintiff bears the foreclosure sale expenses such that Plaintiff's credit calculation appears to be incorrect. Moreover, there is no explanation as to why Plaintiff paid $11,634.53 more for the property than was actually owed pursuant to the Default Judgment Order (Doc. 21). Under Davis v. Huntsville Prod. Credit Ass'n, 481 So.2d 1103, 1105-1106 (Ala. 1985), the debtor is entitled to surplus proceeds from sale of mortgaged property, where property was sold at foreclosure sale for amount in excess of mortgage debt. As such, the Plaintiff is **ORDERED** to file a Response on or before **June 21, 2012,** explaining its position concerning the amount due to Defendant Katherine Surek.

**DONE** and **ORDERED** this the **14th** day of **June 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**